## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **CHARLES EDWARD O'NEIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.  5:07-00358** |
| | ) | |
| **UNITED STATES OF** | ) | |
| **AMERICA,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending are Plaintiff's "Motion for Reconsideration of Order" and Defendants' Motions to Dismiss. (Document Nos. 52 and 63.) The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to the Defendants' Motions and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by Defendants in moving to dismiss. (Document Nos. 54 and 65.) Plaintiff has filed Responses to Defendants' Motions and Affidavits in Support. (Document Nos. 55 - 57, 72 - 74.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Plaintiff's "Motion for Reconsideration of Order" and grant Defendants' Motions to Dismiss.

### FACTUAL BACKGROUND

On June 4, 2007, Plaintiff, an inmate at Federal Correction Institution, Beckley [hereinafter FCI Beckley], West Virginia, initiated this action against the United States, the former Warden of FCI Beckley, medical officials at FCI Beckley, and private medical providers pursuant to the Federal Tort Claims Act, 28 §§ 1346(b) and 2671, et seq., and for alleged violations of Plaintiff's constitutional rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of

Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619(1971)(Document No.1).[1]  Plaintiff names the following individuals as Defendants: (1) Marty Anderson, former Warden of FCI Beckley; (2) David Ellis, Contract Psychiatrist, FCI Beckley; (3) Dominick McLain, D.O., Clinical Director, FCI Beckley; (4) Robin Franco, MRT, FCI Beckley; (5) Kenneth Kaiser, Physician Assistant, FCI Beckley; (6) Robin Lipps; (7) Scotty Rose, Clinical Director, FCI Beckley; (8) Sherry Taylor, Physician Assistant, FCI Beckley; (9) K. Rose; (10) Kevin Thompson; (11) Richard Russell, AWCO, FCI Beckley; (12) Sue Engels; (13) James Blankenship, former Nurse Practictioner, FCI Beckley; (14) N. Rehberg, D.O., Staff Physician, FCI Beckley; (15) Kate McDaniel; (16) Jerri Kirkland, Registered Nurse and Health Services Administrator, FCI Beckley; (17) Syed Rasheed, M.D., and (18) Mallard Medical Services, Inc. Essentially, Plaintiff alleges that Defendants violated his rights under the Fifth and Eighth Amendments of the United States Constitution by failing to provide him with adequate medical care for his chronic hyperthyroidism and Graves' disease causing him pain and suffering. (Document No. 4-2, p. 24.) Plaintiff seeks an injunctive order directing Defendants "to arrange without delay for Plaintiff to be examined by a qualified endocrinologist and a cardiologist specialist every 90 or 180 days." (Id., p. 35.) Furthermore, Plaintiff requests Sixty Million Dollars in monetary damages for physical and emotional injury resulting from the Defendants' failure to provide adequate medical care. (Id., p. 36.)

By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 13.) The undersigned filed Proposed Findings and Recommendation on January 22, 2008, recommending that the District Court dismiss Plaintiff's

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Complaint for failure to state a claim upon which relief could be granted. (Document No. 22.) On

February 6, 2008, Plaintiff timely filed objections. (Document No. 26.) On February 19, 2008,

Plaintiff filed a Motion for Leave to File an Amended Complaint with a copy of his Amended

Complaint attached. (Document No. 27.) Plaintiff's Amended Complaint asserted the same claims

presented in his original Complaint. (Id.) By Memorandum Opinion and Judgment Order entered

on March 31, 2008, the District Court granted Plaintiff's Motion for Leave to File an Amended

Complaint and adopted the undersigned's recommendations in part ordering that

> (1) Plaintiff's FTCA claim against the United States and individual Defendants in
> their official capacity be **DISMISSED WITHOUT PREJUDICE**; (2) Plaintiff's
> due process claim be **DISMISSED**; and (3) Plaintiff's Motion for a Temporary
> Restraining Order and a Preliminary Injunction [Docket 8] be **DENIED WITHOUT
> PREJUDICE**."

(Document No. 32, p. 17.) The District Court referred the matter back to the undersigned for further

consideration of Plaintiff's Eighth Amendment claim against Defendants Marty Anderson,

Dr. Dominick McLain, Dr. N. Rehberg, Dr. Syed Rasheed, Kenneth Kaiser, Jerri Kirkland,

Sherri Taylor, Scotty Rose, K. Rose, Richard H. Russell, and Sue Engels. (Id.) The District Court

stated as follows:

> In his objections, Plaintiff focuses the Court's attention on three different
> instances of deliberate indifference. First, upon his arrival to FCI Beckley in
> February of 2002, Plaintiff claims that Dr. McLain, Kaiser, Dr. Rehberg, and Dr.
> Rasheed had knowledge of Plaintiff's serious medical problems but ignored his
> complaints and failed to seek emergency care when it was needed, which resulted in
> him being admitted to the hospital when his condition worsened. It is well-settled
> that failure to seek emergency care when it is obviously needed states a claim for
> deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1979).
> Therefore, Plaintiff has alleged enough facts to raise his right to relief above the
> speculative level and the Court declines to adopt the recommendation to dismiss
> Plaintiff's *Bivens* claims against Defendants Dr. McLain, Kaiser, Dr. Rehberg, and
> Dr. Rasheed for their failure to provide him with emergency care.

> Next, Plaintiff claims that following his discharge from CAMC on April 25,
> 2002, Defendants Dr. McLain, Dr. Rehberg, Kirkland, and Taylor failed to follow

3

Plaintiff's treating doctor's orders and intentionally interfered with Plaintiff's prescribed treatment plans which called for follow-up appointments and an "I-123 uptake and scan." Similarly, after Plaintiff's discharge from Raleigh General Hospital on July 26, 2004, Plaintiff asserts that Dr. McLain, Dr. Rasheed, Kirkland, Kaiser, and Taylor intentionally interfered with Dr. Hasan's prescribed treatment plan for his thyroid and heart conditions. Thus, "[a]lthough the proof may show otherwise," Plaintiff's allegations state a claim of deliberate indifference based on these defendants' interference with his physician-ordered medical treatment and follow-up appointments. *Woods*, 2002 U.S. Dist. LEXIS 7157, at * 14-15. Thus, Plaintiff's objection insofar as it relates to his *Bivens* claim against Dr. McLain, Dr. Rasheed, Kirkland, Kaiser, and Taylor is **SUSTAINED**, and the Court declines to adopt the recommendation to dismiss that claim against him and, as mentioned above, Defendants Anderson, Russell, Engels, and K. Rose.

(Id., pp. 12 - 13.)

On April 16, 2008, Plaintiff filed a "Motion for Reconsideration of Order." (Document No. 36.) Plaintiff requests that the Court reconsider the dismissal of Plaintiff's FTCA claim. Citing Johnson v v. United States, 394 F. Supp.2d 854, 858 (S.D.W.Va. 2005), Plaintiff asserts that he is excused from filing a screening certificate of merit. (Id., p. 2.) Thus, Plaintiff requests that the Court "allow plaintiff's FTCA claim to move forward against the Defendants in their official capacities and the United States." (Id.)

On May 20, 2008, Defendant Rasheed filed his Motion to Dismiss and Memorandum in Support. (Document Nos. 52 and 53.) Defendant argues that Plaintiff's FTCA claims must be dismissed for the following reasons: (1) "Plaintiff fails to raise, in regards to Dr. Rasheed, a federal question of law;" (2) "Dr. Rasheed was at all relevant times acting as a physician independent contractor. Subject-matter jurisdiction, therefore, cannot be established through the FTCA;" and (3) "Even if  this Court deems that Dr. Rasheed was a governmental employee for purposes of the FTCA, Plaintiff's medical malpractice claim against Dr. Rasheed must be dismissed for Plaintiff's failure to comply with the West Virginia Medical Professional Liability Act." (Document No. 53.)

On May 21, 2008, Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising him of his right to file a response to the Defendant Rasheed's Motion to Dismiss. (Document No. 54.) On June 5, 2008, Plaintiff filed his Response to Defendant Rasheed's Motion to Dismiss. (Document No. 55- 57.) Plaintiff argues that Defendant Rasheed's Motion to Dismiss should be denied because "Plaintiff does not have at this point within time a FTCA pending against defendant Dr. Rasheed in this Court. Plaintiff's claim is a <u>Bivens</u> action." (Document No. 56, p. 3.) Specifically, Plaintiff argues that "Dr. Rasheed can be held liable under plaintiff's <u>Bivens</u> claim against him for his deliberate indifference towards plaintiff's known serious medical conditions and his unexplained delay in treating a known or obvious need for doctors prescribed necessary medical treatments ordered for plaintiff." (<u>Id.</u>, pp. 5 - 6.) On June 12, 2008, Defendant Rasheed filed his "Reply to Plaintiff's Response." (Document No. 59.) In his Reply, Defendant Rasheed argues that Plaintiff's <u>Bivens</u> action must be dismissed based on the following: (1) "<u>Bivens</u> actions were created to cover situations where a plaintiff seeks a course of action against an individual officer of the federal government and where the plaintiff has no other avenue for redress against that officer;" (2) "Plaintiff's <u>Bivens</u> claim must fail as there are adequate remedies available to him under West Virginia state law;" (3) "As <u>Bivens</u> actions are a creation by the Courts, and not of the Legislature. Any potential extension of <u>Bivens</u> must be treated with great caution." (<u>Id.</u>)

On July 9, 2008, Defendants S. Rose, Taylor, K. Rose, Russell, Engels, Rehberg, Kirkland, Anderson, McLain and Kaiser [Federal Defendants] filed their Motion to Dismiss. (Document No. 63.) Federal Defendants argue that Plaintiff's claims should be dismissed based upon the following: (1) "The FTCA's judgment bar precludes Plaintiff's <u>Bivens</u> action against these Defendants;" and (2) "Plaintiff's claims against the Defendants are barred by the statute of limitations." (Document

No. 64.) On July 10, 2008, Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising him of his right to file a response to the Federal Defendants' Motion to Dismiss. (Document No. 65.) On August 14,  2008, Plaintiff filed his Response to Federal Defendants' Motion. (Document Nos. 72 - 74.) First, Plaintiff argues that his <u>Bivens</u> claim is timely based upon the continuous treatment doctrine. (Document No. 73, pp. 6 - 14.) Next, Plaintiff contends that the FTCA's judgment bar does not preclude Plaintiff's <u>Bivens</u> action because (1) his <u>Bivens</u> and FTCA claims were filed together and subsequently bifurcated, and (2) his "FTCA claims were dismissed for lack of jurisdiction, and thus it was not a judgment on the merits as is required by the judgment bar rule." (<u>Id.</u>, pp. 14 - 17.)

## THE STANDARD

### Rule 12(b) Dismissal

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." <u>Bell Atlantic Corporation v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007)(reference to <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), omitted.) Dismissal is proper under Rule 12(b)(6) where, construing the allegations of the Complaint in a light most favorable to the Plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that no relief could be granted under any set of facts which could be proven consistent with the allegations. Deference is given to *pro se* Complaints. <u>See</u> <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); <u>Coleman v. Peyton</u>, 340

F.2d 603, 604 (4ᵗʰ Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize

potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a

claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30

L.Ed.2d 652 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a *pro se*

Complaint can be remedied by an amendment, however, the District Court may not dismiss the

Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34,

112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## ANALYSIS

A.    **Plaintiff's "Motion for Reconsideration of Order."**

In his "Motion for Reconsideration of Order," Plaintiff requests that the Court reconsider the

dismissal of his FTCA claim. (Document No. 36.) Citing Johnson v v. United States, 394 F.

Supp.2d 854, 858 (S.D.W.Va. 2005), Plaintiff asserts that he is excused from filing a screening

certificate of merit because his theory of liability does not require expert testimony. (Id., p. 2.)

Plaintiff alleges that he has "properly satisfied the exception to MPLA's certificate of merit

requirement by naming Dr. Hasan, Dr. Miller, and Dr. Roberts on his Standard Form 95 (SF-95)

satisfying the 'state of liability' requirement under § 55-7B-6(c)" (Id.) Thus, Plaintiff request that

the Court "allow plaintiff's FTCA claim to move forward against the Defendants in their official

capacities and the United States." (Id.)

By Memorandum Opinion and Order dated March 31, 2008, the District Court thoroughly

considered and addressed Plaintiff's above claim. The District Court determined that the exception

set forth in Johnson was not applicable to Plaintiff's case. Specifically, the District Court stated as

follows:

Based on the allegations in Plaintiff's Complaint and Amended Complaint, the Court **FINDS** that the medical issues and alleged breaches contained therein "relate to complex matters of diagnosis and treatment that are not within the understanding of lay jurors by resort to common knowledge and experience." *Farley v. Shook*, 629 S.E.2d 739, 745 (W. Va. 2006). In other words, the lack of medical care in this case is not as obvious as was the case in *Johnson* where the doctor implanted a too large Prosthesis backward causing diminished bloodflow and subsequent Necrosis and infection." 394 F. Supp.2d at 858. Here, Defendants provided Plaintiff with a significant amount of medical care and attention during the time in question. Any finding that the treatment Plaintiff received fell below the applicable standard of care and caused Plaintiff's injuries must be supported by expert testimony because the treatment and diagnosis of "Graves" disease, hyperthyroidism, congestive heart failure, and cardiomyopathy," are not within the understanding of lay jurors by resort to common knowledge and experience. *Farley*, 629 S.E.2d at 745.

Because expert testimony is required, Plaintiff may not circumvent the requirement by filing a certificate of merit by filing a SF-95, and Plaintiff's reliance on *Johnson* is without merit.

(Document No. 32, p. 9.) Based on the foregoing, the undersigned finds that Plaintiff's above claim has been appropriately considered and rejected by the District Court. Accordingly, the undersigned finds that Plaintiff's "Motion for Reconsideration of Order" should be denied.

**B.      Defendant Rasheed's Motion to Dismiss.**

In his Motion to Dismiss, Defendant Rasheed first argues that Plaintiff's FTCA claims must be dismissed for the following reasons: (1) "Plaintiff fails to raise, in regards to Dr. Rasheed, a federal question of law;" (2) "Dr. Rasheed was at all relevant times acting as a physician independent contractor;" and (3) "Even if  this Court deems that Dr. Rasheed was a governmental employee for purposes of the FTCA, Plaintiff's medical malpractice claim against Dr. Rasheed must be dismissed for Plaintiff's failure to comply with the West Virginia Medical Professional Liability Act." (Document No. 53.) Plaintiff subsequently filed a Response stating that he is asserting a claim pursuant to Bivens, not the FTCA. (Document No. 56.) By Memorandum Opinion and Judgment Order entered on March 31, 2008, the District Court ordered that "Plaintiff's FTCA claim against the United States and the individual Defendants in their official capacity be DISMISSED

WITHOUT PREJUDICE." (Document No. 32, p. 17.) Therefore, the undersigned finds that Defendant Rasheed's Motion to Dismiss should be denied as moot to the extent he is requesting that Plaintiff's FTCA claim be dismissed.

Defendant Rasheed subsequently filed a Reply to Plaintiff's Response stating that Plaintiff's Bivens claims should also be dismissed. (Document No. 59.) Specifically, Defendant Rasheed argues that "Bivens actions were created to cover situations where a plaintiff seeks a course of action against an individual officer of the federal government and where the plaintiff has no other avenue for redress against that officer." (Id., p. 2.) First, Defendant Rasheed contends that "[i]t is debatable whether Dr. Rasheed could be classified as an officer of the federal government acting under color of law for Bivens purposes." (Id., pp. 2 - 3.) Next, Defendant Rasheed asserts that "Plaintiff would have a case against Dr. Rasheed for the West Virginia common law tort of intentional infliction of emotional distress and for medical negligence under the West Virginia Medical Liability Act." (Id., p. 3.) Therefore, Defendant Rasheed contends that Plaintiff's Bivens claim must be dismissed. In Response, Plaintiff argues that "Defendant Rasheed is a private contractor to provide specialized medical treatments to inmates, therefore, once he agreed to except O'Neil as one of his patients and reviewed O'Neil's medical file and examined him, he was acting under color of federal law and received payment of his services in treating inmates." (Document No. 56, p. 6.)

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's

violation of the Due Process Clause of the Fifth Amendment.) A <u>Bivens</u> action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under <u>Bivens</u> must show the violation of a valid constitutional right by a person acting under color of federal law.[2] The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to <u>Bivens</u>. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, <u>Bivens</u> claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); <u>Berger v. Pierce</u>, 933 F.2d 393, 397 (6th Cir. 1991); <u>Reinbold v. Evers</u>, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

---

[2] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id.*

In determining whether Bivens liability can be imposed upon Defendant Rasheed, the undersigned must consider the Fourth Circuit's recent decision in Holly v. Scott, 434 F.3d 287 (4th Cir. 2006). In considering whether Bivens may apply to a private individual, the Fourth Circuit stated as follows:

> Neither we nor the Supreme Court has had occasion to consider whether and to what extent Bivens liability may apply to private citizens. As a threshold matter, we harbor some doubt as to whether such liability would ever be appropriate. Each of the defendants in Bivens, Davis, and Carlson were in the direct employ of the federal government.

Id. at 291. The Fourth Circuit noted that the Supreme Court has "responded cautiously to suggestion that Bivens remedies should be extended into new contexts" and has extended Bivens only twice in 30 years. Id. at 289. The Fourth Circuit reasoned that a Bivens "cause of action is implied without any express congressional authority whatsoever" and "a decision to create a private right of action is one better left to legislative judgment in the great majority of cases." Id., citing Sosa v. Alverez-Machain, 542 U.S. 692, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004).

In Holly, the Fourth Circuit determined that two factors independently precluded the extension of Bivens: (1) Defendants were private individuals, not government actors; and (2) Plaintiff had an adequate remedy against defendants under state law. Holly v. Scott, 434 F.3d 287, 296-97 (4th Cir. 2006)(Bivens does not provide federal inmates with a cause of action against employees of a private corporation operating a prison). First, the Fourth Circuit stated that "[e]ven assuming that Bivens liability is sufficiently expansive to encompass at least some private individuals, our constitutional scheme necessarily constrains its scope." Id. at 292. Under Section 1983, courts have limited liability of private persons through the application of the State action doctrine. Lugar v. Edmondson Oil Co., 457 U.S. 922, 935, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Under the State action doctrine, liability does not result unless the "conduct allegedly causing the

deprivation of a federal right be fairly attributable to the State." Id. at 937, 102 S.Ct. at 2744. There is no specific formula for determining whether State action is present. Hicks v. S. Md. Health Sys. Agency, 737 F.2d 399, 402 (4th Cir. 1984). A variety of factors may be considered when determining what action is fairly attributable to a State. Holly, 434 F.3d. at 293. The Supreme Court has stated that the "dispositive issue concerns the relationship among the State, the physician, and the prisoner." West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(finding that a "physician who was under contract with state to provide medical services to inmates at state prison hospital on part-time basis acted under color of state law, within meaning of § 1983"); also see Connor v. Donnelly, 43 F.3d 220 (4th Cir. 1994)(recognizing that state action results from the treatment of an inmate confined in a state facility even where the physician has no contract with the state and treated inmate outside the state facility).[3] In Holly, the Fourth Circuit found that the defendants' actions were not of a sufficiently federal character to create constitutional liability because (1) the defendants were employees of a wholly private corporation, (2) other than a contractual relationship, the federal government had no interest in the private corporation, and (3) there was no allegation that federal policy resulted in defendants' failure to provide adequate medical care. Holly, 434 F.3d. at 294. Therefore, the Fourth Circuit concluded that "even if there did exist circumstances where a private party could be subject to liability under Bivens . . . the doctrine of state action compels us to refrain from extending Bivens liability to the individual

---

[3] The Fourth Circuit warned that "[t]here exists ample reason to be even more cautious about imputing liability to private actors under *Bivens* than under § 1983. Section 1983 is a congressional enactment that expressly creates liability for '[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or territory or the District of Columbia' deprives an individual of any 'rights, privileges, or immunities secured by the Constitution' or other federal law. *Bivens*, on the other hand, is a devise of judicial creation . . . the Supreme Court 'has never expressly held that the controls of *Bivens* and § 1983 are identical." *Holly*, 434 F.3d at 292.

employees of a private corporation operating a correctional facility." Id.

Second, the Fourth Circuit declined to extend Bivens liability where plaintiff "possesses alternative - and arguably superior - causes of action against defendants under the state law of negligence." The Supreme Court has extended Bivens in only two circumstances: (1) "[T]o provide a cause of action for a plaintiff who lacked any alternative remedy for harms caused by an individual officer's unconstitutional conduct;" and (2) "[T]o provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally." Id. at 295-96, citing Correctional Services Corp. v. Malesko, 534 U.S. 61, 70, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001). The Fourth Circuit stated that "where these two circumstances are not present, the Court has consistently rejected invitations to enlarge the scope of the judicially created Bivens remedy." Id. at 296. The Fourth Circuit then determined that neither circumstance was present in plaintiff's case because state law provided plaintiff with an alternative remedy, which included a cause of action against individual officers. Id. Therefore, the Fourth Circuit determined that the extension of Bivens was inappropriate. Id. at 297.

In the instant case, it is undisputed that Defendant Rasheed is an outside physician who was contracted by prison officials to provide specialized medical treatment to Plaintiff. Thus, the undersigned must consider whether Bivens liability can be extended to Defendant Rasheed. First, the Court will consider whether Plaintiff has a remedy against Defendant Rasheed under State law. Plaintiff alleges that Defendant Rasheed provided such inadequate medical care concerning his Graves disease and hyperthyroidism that it constituted cruel and unusual punishment. The undersigned finds that Plaintiff's allegations would support a cause of action under West Virginia law for medical negligence under the MPLA. W. Va. Code §§ 55-7b-1. If successful, Plaintiff could recover compensatory and punitive damages. Therefore, the undersigned finds Bivens liability

should not be extended because  Plaintiff has an alternative cause of action against Defendant Rasheed under State law. Since an adequate remedy under State law independently precludes the extension of <u>Bivens</u>, the undersigned finds it unnecessary to address the issue of whether Defendant Rasheed's actions were fairly attributable to the federal government. <u>See Holly</u>, 434 F.3d at 290(finding that plaintiff's remedy against defendants under state law independently precluded the extension of <u>Bivens</u>).  Accordingly, Defendant Rasheed's Motion to Dismiss should be granted.

**C.    <u>Federal Defendants' Motion to Dismiss</u>.**

      **1.    FTCA Judgment Bar:**

Federal Defendants argue that Plaintiff's <u>Bivens</u> claims are now barred by the FTCA's judgment bar. Specifically, Federal Defendants contend that the District Court's March 31, 2008, Order dismissing Plaintiff's tort claims of medical negligence for failure to comply with the West Virginia Medical Professional Liability Act [MPLA] precludes Plaintiff's <u>Bivens</u> claim. Plaintiff contends that the judgment bar does not preclude his <u>Bivens</u> action because (1) his <u>Bivens</u> and FTCA claims were filed together and subsequently bifurcated, and (2) his "FTCA claims were dismissed for lack of jurisdiction, and thus it was not a judgment on the merits as is required by the judgment bar rule."

Title 28 U.S.C. § 2676 provides that "[t]he judgment in an action under the Act shall constitute a complete bar to any action by the same claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." "[B]y reason of the same subject matter" has been interrupted to mean "arising out of the same actions, transactions, or occurrences." <u>Serra v. Pichardo</u>, 786 F.2d 237 (6th Cir. 1986), <u>cert. denied</u>, 107 S.Ct. 103, 479 U.S. 826, 93 L.Ed.2d 53 (1986). The purpose of Section 2676 is to prevent dual recovery and to avoid the waste of government resources in defending repetitive suits. <u>See</u> <u>Hallock v. Bonner</u>,

14

387 F.3d 147, 154 (2nd Cir. 2004)(reversed on other grounds); Kreines v. United States, 959 F.2d 834, 838 (9th Cir. 1992). Courts have consistently held that a judgment on a FTCA claim bars a Bivens claim even if raised in the same suit. Manning v. United States, 546 F.3d 430 (7th Cir. 2008); Harris v. United States, 422 F.3d 322 (6th Cir. 2005); Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840 (10th Cir. 2005); Freeze v. United States, 343 F.Supp.2d 477, 481 (M.D.N.C. 2004); Arevalo v. Woods, 811 F.2d 487 (9th Cir. 1987). Further, it is generally recognized that Section 2676 makes no distinction between favorable and unfavorable judgments. Harris, 422 F.3d at 334-35; Estate of Trentadue ex rel. Aguilar, 397 F.3d at 858; Freeze, 343 F.Supp.2d 481; Hoosier Bancorp of Ind., Inc. v. Rasmussen, 90 F.3d 180, 184-85 (7th Cir. 1996). Thus, even though FTCA and Bivens claims are raised in the same lawsuit, a final FTCA judgment, favorable or unfavorable, prevents a plaintiff from asserting a Bivens claim "arising out of the same actions, transactions, or occurrences."

In the present case, Federal Defendants argue that the "FTCA's judgment bar precludes Plaintiff's Bivens action against these Defendants." In support of their argument, Federal Defendants cite Freeze v. United States, 343 F.Supp.2d 477 (M.D.N.C. 2004), aff'd, 131 Fed. Appx. 950 (4th Cir. 2005). In Freeze, the Middle District of North Carolina held that "the court's judgment on Plaintiff's FTCA claim prevents Plaintiff from asserting an action against Defendant Volkmer based on a constitutional claim." The undersigned notes that in Freeze, the District Court dismissed plaintiff's FTCA claim finding that Defendant Volkmer had absolute immunity. In the instant case, Plaintiff's FTCA claim was dismissed without prejudiced based upon Plaintiff's failure to comply with the MPLA. (Document No. 32, pp. 7 - 10.) See Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198 (4th Cir. 2006)(stating that "[d]istrict courts have discretion to specify that a dismissal is not an adjudication upon the merits, i.e., that it is a dismissal without prejudice"). Thus, the dismissal of

Plaintiff's FTCA claim did not result in a final judgment. See Hallock v. Bonner, 387 F.3d 147, 154 (2nd Cir. 2004)(reversed on other grounds)(stating that "[i]n an action properly pleaded under the FTCA, a judgment of dismissal based on the statute of limitations, laches, release, res judicata, or improper venue will justify the assertion of the FTCA judgment bar, providing that a judgment in an FTCA action is a complete bar to any later action by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the FTCA claim, in a subsequent Bivens action"). Accordingly, the undersigned finds that the dismissal of Plaintiff's FTCA claim based upon his failure to comply with the pre-litigation requirement of the MPLA did not result in a FTCA judgment barring Plaintiff's Bivens claim pursuant to Section 2676.

###	2.	Statute of Limitations:

A Plaintiff must file a Bivens action within the prescribed time period. Because there is no federally prescribed statute of limitation, Courts look to and apply their respective State's statutes of limitation. See Wilson v. Garcia, 471 U.S. 261, 266-69, 105 S.Ct. 1938, 1942-43, 85 L.Ed.2d 254 (1985). Under West Virginia law, the applicable period of limitation upon Plaintiff's right to file this civil action was two years from the time the cause of action accrued. See W.Va. Code § 55-2-12(b).[4] Although the limitation period is borrowed from State law, the question of when a cause of action accrues is answered according to federal law. See Brooks v. City of Winston-Salem, NC, 85 F.3d 178,

_____

[4] West Virginia Code § 55-2-12 provides as follows:

Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

16

181 (4th Cir. 1996). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, MD House of Corr., 64 F.3d 951, 955 (4th Cir. 1995)(*en banc*), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996)(citing United States v. Kubrick, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.'" Nasim, 64 F.3d at 955 (quoting, Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1272 (4th Cir. 1992)). Accordingly, for a Bivens action, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice -- e.g., by the knowledge of the fact of injury and who caused it -- to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Nasim, 64 F.3d at 955. To determine when a plaintiff possessed knowledge of his injury, the Court "may look to the common-law cause of action most closely analogous to the constitutional right at stake as an 'appropriate starting point.'" Brooks, 85 F.3d at 181 (citations omitted).

Federal Courts also apply the forum State's law regarding tolling, including equitable tolling, when not inconsistent with federal law. Hardin v. Straub, 490 U.S. 536, 537-39, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989). In Irwin v. Dep't of Veteran's Affairs, 498 U.S. 89, 97, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990), the United States Supreme Court recognized that statutes of limitations in actions against the government are subject to a rebuttable presumption of equitable tolling. The Irwin Court stated that equitable tolling should apply in cases "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Id. Federal Courts have held that because the Prison Litigation Reform Act requires a prisoner to exhaust administrative remedies, the prisoner is entitled to equitable tolling of the applicable limitations period

while he exhausts the remedies. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002); Brown v. Morgan, 209 F.3d 595 (6th Cir. 2000); Howard v. Mendez, 304 F.Supp.2d 632, 638 (M.D.Pa. 2004)(a Bivens case); Aguirre-Castillo v. United States, 2004 WL 594105 (N.D.Tex.)(a Bivens/FTCA case); Lopez v. S.C.D.C., 2007 WL 2021875 (D.S.C.)

Federal Defendants argue that Plaintiff's claims are barred by the statute of limitations. Plaintiff contends that his claims are timely filed based upon the continuous treatment doctrine. Under the continuous treatment doctrine, a claim may not accrue until the end of the course of treatment if the treatment has been for the same illness or injury out of which the claim for malpractice arose. See Otto v. National Institute of Health, 815 F.2d 985 (4th Cir. 1987)(held that the continuous treatment doctrine applied even though the treating physicians had referred the plaintiff to doctors outside the facility for further treatment because there was a sufficient connection between the doctors of both facilities); Tolliver v. United States, 831 F. Supp. 558 (S.D.W.Va. 1993)(holding that "there was a sufficient connection among the various treating physicians at the Beckley VA hospital for the continuous treatment doctrine to apply and toll the statute of limitations"). The continuous treatment doctrine, however, has only been applied in the context of medical malpractice claims. Thus, the undersigned finds that the continuous treatment doctrine does not apply in the context of claims alleging deliberate indifference to prisoner's medical needs in violation of the Eighth Amendment. See Cole v. Miraflor, 2001 WL 138765 (S.D.N.Y. Feb. 19, 2001)(continuous treatment doctrine cannot apply to a deliberate difference claim because courts have distinguished deliberate indifference from medical malpractice, and the statute of limitations provisions of personal injury actions applies to all deliberate indifference claims). Even assuming that the continuance treatment rule could apply in Bivens, Courts have held that the rule does not apply where the plaintiff knows of his injury. Harrison v. Federal Bureau of Prisons, 2008 WL

5429827 (D.S.C. Dec., 2008)(continuous treatment rule did not apply where plaintiff admitted that he knew he was injured in 2004, which was four years prior to filing suit); Barbaro v. United States, 2006 WL 2882975 (S.D.N.Y. Oct. 10, 2006)(even assuming the continuance treatment rule could apply outside of a malpractice claim, it did not apply where plaintiff repeatedly demonstrated he was aware the alleged deficiency of treatment and his constant complaints to prison officials shows that he was not afraid of taking issue with his doctors' decisions while in their care); Ashley v. United States, 413 F.2d 490, 493 (9th Cir. 1969)(continuous treatment doctrine not available to toll statute of limitations in medical malpractice action brought under FTCA where plaintiff knows of the acts constituting negligence). Based upon Plaintiff's administrative remedy filings and the allegations contained his Complaint, the undersigned finds that Plaintiff knew of his alleged injury more than two year prior to filing suit. Therefore, the undersigned finds that Plaintiff's claim that the continuous treatment doctrine  applies to his Bivens action is without merit.

The undersigned will now consider whether Plaintiff's Bivens claims are precluded by the statute of limitations. Plaintiff's claims are limited to three specific time periods: (1) Plaintiff's arrival to FCI Beckley on February 15, 2002; (2) Plaintiff's treatment following his discharge from CAMC on April 25, 2002; and (3) Plaintiff's treatment following discharge from Raleigh General Hospital on July 26, 2004. (Document No. 32, p. 12.)

First, Plaintiff contends that Federal Defendants acted with deliberate indifference by ignoring his complaints and failing to seek emergency care when he first arrived at FCI Beckley in February 15, 2002. Plaintiff alleges that the deliberate indifference continued until he was hospitalized at CAMC on April 12, 2002. Plaintiff acknowledges that he received appropriate medical care at the time of his hospitalization. Plaintiff was released from the CAMC on April 25, 2002. Accordingly, by applying the West Virginia two-year statute of limitation, together with the

19

federal standard of accrual, the undersigned finds that Plaintiff's cause of action expired on April 25, 2004, two-years from the date Plaintiff became aware of any injury resulting from Defendants' failure to seek emergency care upon Plaintiff's arrival at FCI Beckley. Plaintiff filed his instant Complaint on July 4, 2007.[5] Accordingly, the two-year statute of limitations has run as to Plaintiff's claim that Defendants failed to seek emergency care upon his arrival at FCI Beckley, and the claim is therefore barred.

Next, Plaintiff alleges that after his discharge from CAMC on April 25, 2002, Federal Defendants failed to comply with Plaintiff's treating physician's orders and intentionally interfered with Plaintiff's prescribed treatment plan calling for follow-up appoints and an "I-123 uptake and scan." Plaintiff exhausted the above claim through the administrative remedy process. Plaintiff's BP-11, the final level in the administrative remedy process, was denied on June 28, 2004.[6] (Document No. 4, Exhibits LL, PP, and QQ.) Accordingly, by applying the West Virginia two-year statute of limitation, together with the federal standard of accrual, the undersigned finds that Plaintiff's cause of action expired on June 28, 2006, two-years from the date when the administrative remedy process was complete.[7] Plaintiff filed his instant Complaint on July 4, 2007. Accordingly, the two-year statute

---

[5]  Plaintiff acknowledges that "it is true that plaintiff was aware of his initial care on April 25, 2002, but unaware of the causes of his injuries and who caused them. Plaintiff further states that on August 19, 2002, is when he first learned that the three defendants named above violated his rights, upon receipt of copies of his medical records." (Document No. 73, p. 9.) Even assuming Plaintiff did not become aware of his cause of action until August 19, 2002, his cause of action would have expired on August 19, 2004.

[6]  Plaintiff's filing of administrative remedies exhibits that he was clearly aware of his claim of inappropriate treatment.

[7]  Plaintiff indicates that he suffered from a mental disability from June 27, 2005, until February 1, 2007. (Document No. 73, pp. 8 -11.) In his Complaint, Plaintiff alleges that Dr. K Hasan prescribed Haloperidol and Benztropine on June 27, 2005, because Plaintiff was experiencing panic attacks, anxiety, and depression. (Document No. 4-2, pp. 19 - 21.) Plaintiff alleges that he was under the care of a psychologist until February 1, 2007. (Document No. 73, p. 11.) The undersigned finds

of limitations has run as to Plaintiff's claim that Defendants failed to follow the treating doctors orders following his release from CAMC, and the claim is therefore barred.

Finally, Plaintiff claims that after his discharge from Raleigh General Hospital on July 26, 2004, Federal Defendants intentionally interfered with Dr. Hasan's prescribed treatment plan for his thyroid and heart conditions. On September 28, 2004, Plaintiff initiated the administrative remedy process concerning the above allegations.[8] Plaintiff received the denial of his BP-11 on April 19, 2005. (Document No. 4, Exhibit QQQ.) Accordingly, by applying the West Virginia two-year statute of limitation, together with the federal standard of accrual, the undersigned finds that Plaintiff's cause of action expired on April 19, 2007, two-years from the date when the administrative remedy process was complete.[9] Plaintiff filed his instant Complaint on July 4, 2007. Accordingly, the two-year statute of limitations has run as to Plaintiff's claim that Defendants interfered with Dr. Hasan's prescribed treatment plan following his release from Raleigh General Hospital, and the claim is therefore barred. Based upon the foregoing, the undersigned finds that Plaintiff's <u>Bivens</u> claims are barred by the statute of limitations and Federal Defendants' Motion to Dismiss should be granted.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's

---

that being treated by a psychologist does not render Plaintiff to be under a mental disability. Furthermore, the above conditions did not prevent Plaintiff from exhausting his administrative remedies concerning the above claim.

[8] Plaintiff's filing of administrative remedies exhibits that he was clearly aware of his claim of inappropriate treatment.

[9] Once again Plaintiff alleges that he was under a medical disability because he was under the care of a psychologist until February 1, 2007. (Document No. 73, pp. 11 - 12.) The undersigned finds this claim to be without merit. Plaintiff's condition did not prevent him from properly exhausting his administrative remedies concerning the above claim.

Motion for Reconsideration of Order" (Document No. 36.), **GRANT** Defendant Rasheed's Motion to Dismiss (Document No. 52.), **GRANT** Federal Defendants' Motion to Dismiss (Document No. 63.), **DENY** Plaintiff's "Response Motion in Opposition to Defendants' Motion to Dismiss (Document No. 72.), **DISMISS** Plaintiff's Complaint (Document Nos. 4 and 27.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

ENTER: January 30, 2009.

R. Clarke VanDervort
United States Magistrate Judge

22