IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CHARLES EDWARD O'NEIL,

            Plaintiff,

v.                                  CIVIL ACTION NO. 5:07-cv-00358

UNITED STATES OF AMERICA, et al.,

            Defendants

**MEMORANDUM OPINION**

Pending before the Court are Plaintiff's Motion for Reconsideration of Order [Docket 36] Defendants' Motions to Dismiss [Dockets 52 and 63], Plaintiff's Response Motion in Opposition to Defendants' Motion to Dismiss [Docket 72], and Plaintiff's Motion for Leave to Exceed Twenty Page Limit [Docket 81]. By Standing Order entered on August 1, 2006, and filed in this case on June 5, 2007, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R). Magistrate Judge VanDervort filed the first PF&R entered in this case [Docket 22] on January 22, 2008, recommending that the Court dismiss Plaintiff's Complaint [Docket 3] for failure to state a claim upon which relief could be granted. The Court entered a Memorandum Opinion and Order [Docket 32] on March 31, 2008,

adopting the recommendations of the magistrate judge in part[1] and referring the matter back the magistrate judge for further proceedings.

Magistrate Judge VanDervort filed his second PF&R [Docket 78] on January 30, 2009, recommending that this Court deny Plaintiff's Motion for Reconsideration of Order, grant Defendant Rasheed's Motion to Dismiss, grant Federal Defendants'[2] Motion to Dismiss, deny Plaintiff's Response Motion in Opposition to Defendants' Motion to Dismiss, dismiss Plaintiff's Complaint, and remove this matter from the Court's Docket.

Objections to Magistrate Judge VanDervort's PF&R were due by February 17, 2009, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). On February 18, 2009, Plaintiff filed a motion seeking an extension of time to file his objections to the PF&R. By Order dated February 19, 2009, the Court granted Plaintiff's motion and extended the deadline for filing objections to March 18, 2009. Plaintiff timely filed objections to the PF&R on March 10, 2009.[3]

---

[1] The Court ordered that (1) Plaintiff's Federal Tort Claims Act (FTCA) claim against the United States and the individual Defendants in their official capacity be dismissed without prejudice; (2) Plaintiff's due process claim be dismissed; and (3) Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction [Docket 8] be denied without prejudice. However, the Court declined to adopt the recommendation to dismiss Plaintiff's *Bivens* claim against Defendants Marty Anderson, Dr. Dominick McLain, Dr. N. Rehberg, Dr. Syed Rasheed, Kenneth Kaiser, Jerri Kirkland, Sherri Taylor, Scotty Rose, K. Rose, Richard H. Russell, and Sue Engels.

[2] The federal defendants in this case include the following employees at FCI Beckley: (1) Marty Anderson, former warden; (2) Dominick McClain, D.O., clinical director; (3) Kenneth Kaiser, physician assistant; (4) Scotty Rose, clinical director; (5) Sherri Taylor, physician assistant at FCI Beckley; (6) K. Rose; (7) Richard Russell; (8) Sue Engles; (9) N. Rehberg, D.O., staff physician; and (10) Jerri Kirkland, registered nurse and health services administrator.

[3] For good cause shown, Plaintiff's Motion to for Leave to Exceed Twenty Page Limit [Docket 81] is **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

The full factual and procedural history of this case is set forth in the PF&R. In short, Plaintiff alleges that Defendants provided him with inadequate medical care because they delayed diagnosing and treating his serious medical conditions, including hyperthyroidism and Graves' disease. Specifically, Plaintiff alleges that upon his arrival at FCI Beckley in February of 2002, and until approximately June of 2006, he was subjected to inadequate medical treatment, consisting of the following acts and omissions by Defendants: delay in seeking emergency medical care for him, failure to prescribe proper medication, failure to refer him to medical specialists, delay in scheduling or arranging for his physician-recommended follow-up appointments, failure to inform him of possible side effects of his anti-psychotic medication, and failure to give him access to his medical records.

Based on these allegations, Plaintiff originally asserted an FTCA claim against the United States and the individual Defendants in their official capacity, a due process claim against Defendants Dr. Ellis, Dr. McDaniel, and Dr. McLain, and a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91(1971) against all Defendants in their individual capacities. However, following the Memorandum Opinion and Order entered March 31, 2008, [Docket 32], only Plaintiff's *Bivens* claims remain.

## II. STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other

standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing the portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting pro se, and his filings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. OBJECTIONS TO THE PF&R

Plaintiff makes three general objections to the PF&R, and each is addressed below.

*A.    First Objection: Motion for Reconsideration*

Plaintiff asserts that the Court should reject the magistrate judge's recommendation that Plaintiff's Motion for Reconsideration [Docket 36] be denied. In support of his objection, Plaintiff reasserts the argument regarding his FTCA claims that was previously considered by this Court. Though he restates his original argument, Plaintiff recognizes that "[b]y Memorandum Opinion and Order dated March 31, 2008, the District Court throughly considered and addressed Plaintiff's above claim." (Docket 83 at 2.) Thereafter, he misquotes the Court's resolution of that argument.[4] He then provides the following conclusory statement: "Based on the above facts, this Court should not

---

[4] Plaintiff quotes the Court as saying, "Because expert testimony is required, Plaintiff may circumvent the requirement by filing a certificate of merit by filing a SF–95, and naming his 'experts' on his SF–95 form, even though Plaintiff's reliance on *Johnson* is without merit." (Docket 83 at 3.) The Court actually stated, "Because expert testimony is required, Plaintiff may **not** circumvent the requirement of filing a certificate of merit simply by filing a SF-95, and Plaintiff's reliance on *Johnson* is without merit." (Docket 32 at 9–10) (emphasis added).)

reject Plaintiff's reliance on filing a SF–95 and naming his experts on this form. Therefore, the Magistrate Judge's R&R [sic] should be rejected and Plaintiff's 'Motion for Reconsideration of Order' should be granted." (*Id*. at 3.)

As the magistrate judge found, Plaintiff's argument regarding his FTCA claims was appropriately considered and rejected by this Court. Moreover, any objection that Plaintiff may have made regarding the magistrate judge's determination on this issue is conclusory. When a party makes objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary. *Orpiano*, 687 F.2d at 47; *Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D.N.C. 1997). A litigant who makes only vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless. *Howard's Yellow Cabs*, 987 F. Supp. at 474. A general objection does not meet the requirements of 28 U.S.C. § 636(b)(1), and failure to file a specific objection constitutes a waiver of the right to de novo review. *Id*. (citing *Mercado v. Perez Vega*, 853 F. Supp. 42, 44 (D.P.R.1993)).

Plaintiff's first objection does not call the Court's attention to any specific error by the magistrate judge. Instead, it merely objects to the magistrate judge's findings in general. This is precisely the type of vague and conclusory objection, contemplated by *Orpiano* and *Howard's Yellow Cabs, Inc*., that does not merit review by this Court. The Court **FINDS** that Plaintiff's first objection is general and conclusory and that de novo review of the issues raised is not warranted. Therefore, it is **OVERRULED**.

5

B.     *Objection Two: Federal Defendants' Motion to Dismiss*

In his second objection, Plaintiff states

> [T]he Magistrate Judge incorrectly found and recommended to the Court that plaintiff's claims are barred by the statute of limitations in this present case. However, plaintiff respectfully objects to this recommendation and states that this *Bivens* claim was timely file, and would like to respectfully show the Court the following facts to this present case:

(Docket 83 at 3.) Plaintiff then provides ten pages of information that repeat verbatim the precise issues previously raised in Plaintiff's Response Memorandum in Support of Motion in Opposition to Defendants' Motion to Dismiss. (Docket 73 at 4-14.)[5] The Court **FINDS** that this portion of Plaintiff's objection does not direct the court to a specific error in the PF&R and, therefore, does not merit de novo review by this Court. *See Orpiano*, 687 F.2d at 47; *see also Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W. D. Va. 2008) ("Allowing a litigant to obtain de novo review of her entire case

---

[5] In ten pages of repeated argument, Plaintiff claims that the statute of limitations for his *Bivens* claim against Defendants was tolled by the continuous treatment doctrine. The continuous treatment doctrine provides that "where there has been a continuous course of medical treatment, a claim may not accrue until the end of that course of treatment if the treatment has been for the same illness or injury out of which the claim for medical malpractice arose. *Hurt v. United States*, 914 F.Supp. 1346, 1355 (S. D. W.Va., 1996) (citing *Otto v. National Institute of Health*, 815 F.2d 985 (4th Cir. 1987). Plaintiff complains of three specific instances where he allegedly received inadequate medical treatment, which occurred on the following dates February 2002, April 25, 2002, and July 26, 2004. However, Plaintiff admits that he received appropriate medical care at other times. Had Plaintiff raised appropriate objections regarding this matter, the Court would not have found that these limited instances constitute the type of treatment considered by the continuous treatment doctrine. To the extent that Plaintiff also raises the "continuing tort doctrine," the same analysis, at least in this instance, would apply. *See Forshey v. Jackson*, 671 S.E.2d 748, 758–761 (W. Va. 2008) (discussing the continuing tort doctrine).

Moreover, there is little authority, and none controlling, for the proposition that these tolling doctrines apply in *Bivens* actions. In the absence of law so requiring, this Court declines to expand the limited *Bivens* remedy in such a manner. *See* footnote 8, *infra.*

by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'") (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991)).

However, Plaintiff provides one last paragraph in his second objection that merits de novo review. Plaintiff objects to the magistrate judge's finding that Plaintiff's mental illnesses did not toll the two-year statute of limitations on Plaintiff's claims. Plaintiff asserts that

> due to plaintiff's level of incompetency during the time period stated above places [sic] this present case and plaintiff within the definition of "insane" as defined by the Fourth Circuit, thereby providing him standing to invoke the provisions of the savings clause pursuant to the second portion of the savings clause of W. Va. Code, § 55-2-15, because paranioa [sic] psychosis is in fact a magor [sic] mental disability.

(Docket 83 at 14.)

The savings clause in W.Va. Code § 55-2-15 provides:

> If any person to whom the right accrues to bring any such personal action, suit or scire facias or any such bill to repeal a grant, shall be, at the time the same accrues, an infant or insane, the same may be brought within the like number of years after his becoming of full age or sane that is allowed to a person having no such impediment to bring the same after the right accrues, or after such acknowledgement as is mentioned in section eight [§ 55-2-8] of this article, except that it shall in no case be brought after twenty years from the time when the right accrues.

In order to invoke this provision, the person must be "insane" at the time the cause of action arose. *Harper v. Walker Mfg. Co.*, 699 F.Supp. 85, 86 (S. D. W.Va., 1988) (Haden, C.J.). Though the West Virginia Supreme Court of Appeals has not provided a definition for "insane" for purposes of the savings clause, the United States Court of Appeals for the Fourth Circuit defined the term as "a condition of mental derangement as actually to bar the sufferer from comprehending rights which he is otherwise bound to know." *Id.* at 87. In other words, the court stated, "'insane' . . . means a condition of mental derangement which renders the sufferer incapable of caring for his property, of

7

transacting business, of understanding the nature and effect of his acts, and of comprehending his legal rights and liabilities." *Id.* (citations omitted).

Plaintiff claims to have been insane within the meaning of the savings clause from March 31, 2005, ( Docket 82 ¶ 5), until February 1, 2007, (Docket 73 at 11) . However, though Plaintiff is documented as having a history of mental illness during that time, there is insufficient evidence that Plaintiff's condition ever rose to the level of insanity for purposes of the savings clause. Reports by Plaintiff's psychiatrist, Dr. David T. Ellis, indicate that during most of the time in question, Plaintiff was "doing extremely well," and "managing with no significant problems." (Docket 83-2.)[6] In one report filed on December 7, 2005, Dr. Ellis commented that Plaintiff was "doing exceptionally well at this time and he has demonstrated good insight into the nature of the problems he has had and [sic] finding ways to cope with them much more effectively. He continues to manages well." (*Id.* at 21–22.)

Moreover, as the magistrate judge noted, during the period in question, Plaintiff was able to pursue his administrative remedies. For example, on November 7, 2006, Plaintiff filed a Request for Administrative Remedy Informal Resolution Form. In that form, Plaintiff filed a coherent complaint requesting copies of this medical records. (Docket 4-14.) This is certainly evidence that Plaintiff was capable of comprehending his legal rights and abilities.[7] The Court **FINDS** that there

---

[6] Though some reports indicating that Plaintiff had been describing paranoid thoughts, most of those reports including discussion of Plaintiff's interest in understanding his mental illness.

[7] After filing his objections to the PF&R, Defendant filed a declaration under perjury, in which he claims that so-called jailhouse lawyers were filing paperwork for him, including requests to staff members and documents regarding administrative remedies. (Docket 82 at 2.) Courts "generally consider self-serving opinions without objective corroboration not significantly probative." *Evans v. Techs. & Applications Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996). Plaintiff also filed affidavits
(continued...)

8

is insufficient evidence to conclude that Plaintiff's mental illnesses met the requisite definition of "insane" purposes of the savings clause. Accordingly Plaintiff's objection to the magistrate judge's finding regarding the time bar of Plaintiff's *Bivens* action against the Federal Defendants is **OVERRULED**.

        *C.*       *Third Objection: Defendant Rasheed's Motion to Dismiss*

Plaintiff objects to the magistrate judge's recommendation that the Court grant Defendant Rasheed's Motion to Dismiss [Docket 52]. Specifically, Plaintiff argues that his *Bivens* action against Defendant Rasheed should not be dismissed because he has no alterative remedy under State law. In addition, Plaintiff asserts that as a private doctor acting under contract to provide medical treatment to a federal inmate, Defendant Rasheed should be liable under *Bivens* for damages for violating Plaintiff's constitutional rights.

"A *Bivens* action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." *Hall v. Clinton*, 235 F.3d 202, 204 (4th Cir. 2000) (citing *Bivens*, 403 U.S. at 395-97). A "*Bivens* claim for damages . . . requires proof of two elements: (1) a violation of [Plaintiff's] constitutional rights, (2) by agents acting under color of federal law." *Goldstein v. Moatz*, 364 F.3d 205, 210 (4th Cir. 2004) (citing *Bivens*, 403 U.S. at 389). Neither the Court of Appeals for the Fourth Circuit nor the Supreme Court has decided whether *Bivens* liability

---

[7](...continued)
of several inmates, (Docket 85). However, none of the affidavits corroborate Plaintiff's assertion that he was not filing his own paperwork. Thus, in absence of any corroboration, the Court **FINDS** Plaintiff's declaration to be self-serving and not significantly probative. Any assertion that such "jailhouse lawyers" were acting without direction from Plaintiff strains credibility. Even the most prolific jailhouse lawyer is unlikely to file an administrative grievance on behalf of another inmate without some urging from that inmate.

9

can be imposed upon a private individual. *See Holly v. Scott*, 434 F.3d 287, 291 (4th Cir. 2006).[8] However, the Court of Appeals for the Fourth Circuit has explicitly declined to extend *Bivens* to provide a right of action to an inmate who has an adequate state court remedy. *Id.* at 297.

In reviewing Defendant Rasheed's Motion to Dismiss, the magistrate judge found that Plaintiff's allegations against Defendant Rasheed could support an action for medical negligence under West Virginia's Medical Professional Liability Act (MPLA), W. Va. Code §§ 55-7b-1 *et seq.* Therefore, the magistrate judge concluded that Plaintiff has an adequate state remedy, and, in accordance with *Holly*, *Bivens* should not be extended to Plaintiff's claims against Defendant Rasheed. Having determined that *Bivens* did not apply in this instance, the magistrate judge found it unnecessary to address the issue of whether an independent physician under contract to provide specialized medical treatment to an inmate at a federal correctional institution is acting under color of federal law for purposes of *Bivens*.

The Court agrees with the magistrate judge that if an adequate remedy under State law is available, the issue of whether *Bivens* applies to a private doctor under contract need not be addressed. Therefore, the Court will first determine if Plaintiff's allegations support a State action. Plaintiff argues that the magistrate judge's "reliance [sic] the plaintiff's allegations would support a cause of action under West Virginia law for medical negligence under the MPLA W. Va. Code §§ 55-7b-1 [sic], is meritless, in this present case, and the above and below show that palintiff [sic] does

---

[8] In *Holly*, the Court addressed the issue of whether and to what extent *Bivens* liability may apply to citizens but ultimately decided the issue on other grounds. However, it provided the following dicta when discussing the issue: "As a threshold matter, we harbor some doubt as to whether such liability would ever be appropriate . . . [T]here are ample reasons for the Court's reluctance to expand the boundaries of this judicially created cause of action beyond where those cases have placed them." *Holly*, 434 F.3d at 291.

<u>not</u> have an alternative cause of action against defendant Rasheed under State law." (Docket 83 at 19 (emphasis in original).) In support if his allegation, Plaintiff states, "'Defendant Rasheed was not acting under color of state law when treating O'Neil, he was acting under color of federal law;' (sic) unfortunately, causing plaintiff not to have a cause of action against defendant under State law."[9] (*Id.*)

Contrary to Plaintiff's assertions, a medical negligence claim under the MPLA does not require that a defendant be acting under "color of state law." *See* W. Va. Code §§ 55-7B-1, *et seq*. Instead, the MPLA sets forth the elements of a medical negligence claim as follows:

> (1) The health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and
>
> (2) Such failure was a proximate cause of the injury or death.

W. Va.Code § 55-7B-3(a)(1)–(2). Plaintiff alleges that Defendant Rasheed's inadequate treatment of Plaintiff's Grave's disease, hyperthyroidism, and heart condition constituted cruel and unusual punishment. If proven, these allegations would satisfy the MPLA elements. Therefore, the Court agrees with the magistrate judge that Plaintiff has an adequate remedy under State law that precludes a *Bivens* action. Accordingly, Plaintiff's objections regarding the magistrate judge's recommendation that the Court grant Defendant Rasheed's Motion to Dismiss are **OVERRULED**.

*IV. CONCLUSION*

---

[9] As his second reason that a State law remedy is unavailable, Plaintiff claims, "[D]efendant Rasheed provided such (deliberate indifference, inadequate delays) in medical care concerning O'Neil's treatments for Grave's disease, hyperthyroidism and heart condition that it constituted cruel and unusual punishment prescribed under the Eighth Amendment." (Docket 83 at 19.) The Court finds this statement irrelevant with regard to the availability of a State court action to Plaintiff, and therefore does not consider it as support for Plaintiff's argument.

For the reasons stated above, the Court **ADOPTS** the recommendation contained in the PF&R [Docket 78], **GRANTS** Plaintiff's Motion for Leave to Exceed Twenty Page Limit [Docket 81], **DENIES** Plaintiff's Motion for Reconsideration of Order [Docket 36], **GRANTS** Defendants' Motions to Dismiss [Dockets 52 and 63], **DENIES** Plaintiff's Response Motion in Opposition to Defendants' Motion to Dismiss [Docket 72], **DISMISSES** Plaintiff's Complaint [Dockets 4 and 27], and **REMOVES** this matter from the Court's docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                                ENTER:      March 31, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE