IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CHARLES EDWARD O'NEIL,

        Plaintiff,

v.                             CIVIL ACTION NO.  5:07-cv-00358

UNITED STATES OF AMERICA, et al.,

        Defendants

**MEMORANDUM OPINION AND DISMISSAL ORDER**

The Court raises, sua sponte, the issue of its own jurisdiction.  Upon examination of the pleadings, the Court finds that it lacks jurisdiction, and for the reasons stated herein, **DISMISSES** the case with prejudice.

*I.  BACKGROUND*

The full factual and procedural history of this case is set forth in the proposed findings and recommendation (PF&R).  (Docket 148.)  Plaintiff, an inmate at FCI Beckley, West Virginia, initiated this action on June 4, 2007. (Docket 4).  The action was eventually appealed to the Fourth Circuit where the case was vacated and remanded in part and affirmed in part.  (Docket 104.) Specifically, the Fourth Circuit affirmed this Court's dismissal of the *Bivens* claim against Defendant Rasheed and affirmed this Court's dismissal of Plaintiff's FTCA claim.  (*Id.* at 9.) However, the Fourth Circuit vacated this Court's order dismissing the *Bivens* claims against the Federal Defendants. (*Id.* at 11.)  The Court was instructed to appoint counsel to represent Plaintiff

and to permit discovery on the issue of Plaintiff's mental status during the applicable limitations periods.[1]

On August 2, 2011, Magistrate Judge VanDervort filed his PF&R recommending that this Court deny Defendants' motion to dismiss and refer this matter back to the him for further proceedings.  (Docket 148.)  Objections to the PF&R in this case were due on August 19, 2011; Defendants filed objections on August 12, 2011, and Plaintiff filed a response on August 25, 2011. On September 28, 2011, Defendants filed a Notice of Additional Authority in Support of Renewed Motion to dismiss, (Docket 152), citing the Court's recent opinion in *Sanchez v. Felts*, Civil Action No. 5:07-cv-355 (S.D. W. Va. Sept. 23, 2011).

## II.  STANDARD OF REVIEW

The district courts of the United States are courts of limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005). They possess only the jurisdiction authorized them by the United States Constitution and by federal statute. *Bowles v. Russell,* 551 U.S. 205 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider"); *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed.  *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506-07 (2006).  "The existence of subject matter jurisdiction is a threshold issue" which should be addressed before the Court reaches the merits of a case.  *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999) (a federal court is obligated to dismiss a case if it appears the court lacks subject matter jurisdiction).

---

[1]  The remaining actions were two *Bivens* claims for failure to provide follow-up treatment.

### III.  DISCUSSION

Neither Plaintiff nor Defendants addressed in their objections the Court's ability to continue to hear Plaintiff's *Bivens* claims in light of the dismissal of Plaintiff's FTCA claims.  When a judgment in an FTCA action has been entered, any action involving the same subject matter against the federal employee whose act or omission gave rise to the claim is barred.[2]  Accordingly, when the Court dismissed Plaintiff's FTCA claim, the Court no longer had jurisdiction to hear Plaintiff's *Bivens* claims.  Subsequently, the Fourth Circuit affirmed this Court's dismissal of Plaintiff's FTCA claim, and the Court neglected to raise the jurisdiction issue at that time.  However, the Court now, sua sponte, raises the issue.  Accordingly, Plaintiff is precluded from raising claims regarding his medical care because his FTCA claims based upon the same subject were dismissed.

### IV.  CONCLUSION

For the reasons set forth above, the Court **FINDS** that it lacks jurisdiction and **DISMISSES** the case with prejudice.  The Court **DIRECTS** the Clerk to remove this action from the docket.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge VanDervort, counsel of record, and any unrepresented party.

ENTER:        September 30, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[2] The Court's full analysis of this issue can be found in the *Sanchez* opinion.

3